United States District Court
For the Northern District of California

1

2

3                      UNITED STATES DISTRICT COURT

4                     NORTHERN DISTRICT OF CALIFORNIA

5

6

7   ANTHONY CLIFFORD,

8                          Petitioner,            No. C 07-5104 PJH (PR)

9      vs.                                        **ORDER TO SHOW CAUSE**

10  B. CURRY, Warden,

11                         Respondents.
                                               /
12

13         Petitioner, a California prisoner currently incarcerated at the Correctional Training

14  Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

15  He has paid the filing fee.

16         The petition attacks denial of parole, so venue is proper in this district, which is

17  where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

18                              **BACKGROUND**

19         Petitioner pled guilty to second degree murder in 1991.  He received a sentence of

20  fifteen years to life in prison.  He alleges that he has exhausted these parole claims by way

21  of state habeas petitions.

22                              **DISCUSSION**

23  **A.    Standard of Review**

24         This court may entertain a petition for a writ of habeas corpus "in behalf of a person

25  in custody pursuant to the judgment of a State court only on the ground that he is in

26  custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

27  2254(a).

28  ///

**United States District Court**
For the Northern District of California

1    It shall "award the writ or issue an order directing the respondent to show cause why

2  the writ should not be granted, unless it appears from the application that the applicant or

3  person detained is not entitled thereto."  *Id.* § 2243.

4  **B.    Legal Claims**

5    As grounds for federal habeas relief, petitioner asserts that his due process rights

6  were denied when on March 28, 2006, the Board denied him parole for the fourth time

7  based on the circumstances of his crime.

8    These claims are sufficient to require a response.  *See Biggs v. Terhune*, 334 F.3d

9  910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging

10  characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d

11  895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support

12  parole denial).

13                                 **CONCLUSION**

14    For the foregoing reasons and for good cause shown,

15    1.  The clerk shall serve by certified mail a copy of this order and the petition and all

16  attachments thereto on respondent and respondent's attorney, the Attorney General of the

17  State of California.  The clerk also shall serve a copy of this order on petitioner.

18    2.  Respondent shall file with the court and serve on petitioner, within sixty days of

19  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

20  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

21  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

22  portions of the state trial record that have been transcribed previously and that are relevant

23  to a determination of the issues presented by the petition.

24    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

25  the court and serving it on respondent within thirty days of his receipt of the answer.

26    3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

27  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

28  Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

**United States District Court**
For the Northern District of California

1  and serve on respondent an opposition or statement of non-opposition within thirty days of

2  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

3  within fifteen days of receipt of any opposition.

4      4. Petitioner is reminded that all communications with the court must be served on

5  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

6  must keep the court informed of any change of address and must comply with the court's

7  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

8  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

9  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

10  **IT IS SO ORDERED.**

11  Dated:  October 10, 2007.

            PHYLLIS J. HAMILTON
            United States District Judge

27  G:\PRO-SE\PJH\HC.07\CLIFFORD5104.OSC.wpd

3