1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | ELIZABETH S. KIM, State Bar No. 166599
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
7 |  Telephone:  (415) 703-5715
 Fax:  (415) 703-5843
8 |  Email:  Elizabeth.Kim@doj.ca.gov

9 | Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ANTHONY JOHN CLIFFORD, | C07-5104 PJH (PR) |
|---|---|
| Petitioner, | **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| B. CURRY, Warden | |
| Respondent | Judge:   The Honorable Phyllis J. Hamilton |

TO PETITIONER ANTHONY JOHN CLIFFORD, IN PRO PER:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, Respondent B. Curry, Warden of Correctional Training Facility, moves the Court for an order dismissing the above-entitled action on the ground that Petitioner failed to exhaust his state court remedies as to all his claims before filing the instant habeas petition.

This motion is based on this notice and the motion, the supporting memorandum of points and authorities, the pleadings, the records, and the files in this case.

\\\

**PRELIMINARY STATEMENT**

This is a federal habeas corpus action brought by a California prisoner serving an indeterminate fifteen-year-to-life term for the second-degree murder of his infant son. Petitioner Clifford alleges that the Board of Parole Hearings violated his constitutional rights when it denied him parole at the March 2006 parole consideration hearing. (*See* Pet.)

Respondent moves to dismiss the petition because Petitioner failed to exhaust his state court remedies as to all his claims that are now before this Court. Thus, Petitioner has deprived the state of the full and fair opportunity to resolve all his federal constitutional claims, and consequently, his petition should be dismissed.

**ARGUMENT**

**PETITIONER DID NOT EXHAUST STATE COURT REMEDIES AS TO ALL HIS CLAIMS BEFORE FILING THIS FEDERAL HABEAS CORPUS PETITION; THUS, THE PETITION SHOULD BE DISMISSED.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that a habeas corpus petition on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the prisoner has exhausted the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999) (a state inmate must properly exhaust available state court remedies before a federal court may consider granting habeas corpus relief). Usually, the inmate must have fairly presented his claims "to the highest state court with jurisdiction to consider it" to exhaust available procedures, or demonstrate that no state remedies remain available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *see also Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) ("A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition"). In California, the California Supreme Court must be given at least one opportunity to review habeas claims. *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).

Moreover, not only must petitioner present each of his claims to the state's highest court, "the state's highest court must have disposed of each claim on the merits." *James v. Borg*, 24

1  F.3d 20, 24 (9th Cir. 1994). An inmate has not fairly presented his federal claims unless he has specifically raised each and every one of his federal issues in the state court proceedings. *See Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2001). The law requiring exhaustion in state courts prior to filing for relief in federal court is primarily grounded in the "respect which the federal courts have for the state judicial processes and upon the administrative necessities of the federal judiciary." *Wade v. Mayo*, 334 U.S. 672, 679 (1948). Comity interests between the federal and state systems allow the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Thus, if one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *see also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (the district court must dismiss the petition immediately if the petition contains unexhausted claims).

Here, Petitioner did not present to the California Supreme Court his claims that: (1) "the 'minimally necessary' standard has deprived petitioner of his federally protected liberty interest by eviscerating the 'some evidence' standard;" and (2) the "post-trial or post-plea independent fact finding by the Board" violated his Sixth Amendment right to trial by jury. (*See* Pet. at 20-25; *compare to* Ex. 1 - Pet. for Review to Cal. Super. Ct.) As a result, Petitioner denied the California Supreme Court the initial opportunity to determine and correct the alleged violations of his federal due process and Sixth Amendment rights. *Picard*, 404 U.S. at 275).

Petitioner has failed to exhaust his state judicial remedies as to all his claim, and thus, his petition must be dismissed based on the comity interests between the federal and state systems. *Rose,* 455 U.S. at 518-19; *see also Picard*, 404 U.S. at 275.

\\\
\\\
\\\

Notice of Mot. & Mot. to Dismiss                                                                                              *Clifford v. Curry*
                                                                                                                                                C07-5104 PJH (PR)

**CONCLUSION**

The Court should dismiss Petitioner's habeas corpus petition based on his failure to exhaust state remedies as to all his claims as required under 28 U.S.C. § 2254(b)(1)(A).

Dated: December 10, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General


/S/ ELIZABETH S. KIM
ELIZABETH S. KIM
Deputy Attorney General
Attorneys for Respondent

MotionClifford40193981.wpd
SF2007200844
Notice of Mot. & Mot. to Dismiss                                                                                                    *Clifford v. Curry*
                                                                                                                                      C07-5104 PJH (PR)

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Anthony John Clifford v B. Curry Clifford, Warden**

No.:   **C07-5104 PJH (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **December 10, 2007**, I served the attached

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Anthony Clifford (E-84740)
Correctional Training Facility
CTF-SP Y-243
P.O. Box 689
Soledad, CA 93960-0689
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **December 10, 2007**, at San Francisco, California.

| R. Panganiban | _(signature)_ |
| --- | --- |
| Declarant | Signature |

40195309.wpd