# EXHIBIT 1

**S154583**

**Supreme Court Copy**

SUPREME COURT
FILED
JUL 20 2007
Frederick K. Ohlrich Clerk
_____ Deputy

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re | No. |
| Anthony Clifford | 2 Crim. B200063 |
| On Habeas Corpus | Los Angeles County Superior |
| _____/ | Court Case No. BH004298 |

PETITION FOR REVIEW

After Decision by the Court of Appeals,

Second Appellate District

Anthony Clifford
Petitioner In Pro Se
P.O. Box 689 YW-243L
Soledad, Ca. 93960-0689

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re | No. |
|    Anthony Clifford | 2 Crim. B200063 |
| On Habeas Corpus | Los Angeles County Superior |
| _____/ | Court Case No. BH004298 |

### PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

    Petitioner Anthony Clifford petitions this Court for review following the decision of the Court of Appeals, Second, Appellate District. A copy of the opinion of the Court of Appeal's is attached hereto as Exhibit "A".

### QUESTIONS PRESENTED

    1. Does it violate a Petitioner's state and federal due process rights when a parole unsuitability determination is not supported by identified evidence showing he remains/is currently a threat to public safety given a lengthy disciplinary free period of imprisonment and positive programming demonstrating rehabilitation?

    2. Can parole be denied to a prisoner based on the predictive value of second degree murder offense circumstances 15+ years after the offense occurred?

### NECESSITY FOR REVIEW

    A grant of review and resolution of these issues by this Court are necessary to secure uniformity of decision and to settle important

1

questions of law. This case provides the Court with an opportunity to determine if a nexus must be shown between a prisoner's prison record and a finding he remains/is currently a threat to public safety and whether the facts of a 15+ year old offense have predictive value for foreseeing future negative behavior given a lengthy positive prison programming.

In this case no evidence having the necessary state and federal indicia of reliability supported the finding he is currently a threat to public safety as required by the United State Constitution's Fifth and Fourteenth Amendment, the California Constitution's, Article I, Section 15, and numerous state and federal case rulings including In re Mark Smith (2003) 109 Cal.App.4th 489, Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910.

On March 28, 2006 Petitioner appeared before the Board of Parole Hearings for his fourth (4th) time for parole suitability consideration. He was found unsuitable for parole based on unchanging factors, the circumstances of his offense and his pre-conviction criminal history, receiving a two (2) year denial. A decision based on the predictive value of the offense, the board's characterization of the crime as one more serious than offered and adopted by plea contract. In addition, the District Attorney opposed parole and in doing so contradicted the offense type and degree at plea. The facts of this offense and case are more fully described in the appellate court case record reviewed as a matter of procedure in accordance with California Rule of Court 28.8.

LEGAL ARGUMENT
I.
PETITIONER HAS A FEDERALLY PROTECTED LIBERTY INTEREST IN PAROLE RELEASE.

It is well established that all indeterminately sentenced prisoners possess a federally protected liberty interest. See McQuillion v. Duncan

(9th Cir. 2002) 3069 F.3d 895, 901-902; Biggs v. Terhune (9th Cir. 2003) 334 F.3d 914-915, relying on Greenholtz v. Inmates of Nebraska (1979) 441 U.S. 1; Board of Pardons v. Allen (1987) 482 U.S. 369, 377-378, clearly reasoning that the similar structure of phrasing of California's parole statute (Penal Code § 3041 subd. (b)) when compared to those of Nebraska and Montana produce the same result in this state – a federally protected liberty interest. A liberty, the Biggs court held on pp. 914-915, arises "upon the incarceration of the inmate." Also see Sass v. California Parole Board (9th Cir. 2006) 461 F.3d 1123, 1127-1128.

## II.
## DENIAL OF PAROLE BASED ON THE IMMUTABLE CIRCUMSTANCES OF THE OFFENSE, WHILE DISCOUNTING REHABILITATION DEMONSTRATED BY EXEMPLARY PROGRAMMING, DEPRIVES A PRISONER OF DUE PROCESS.

State and federal courts are repeatedly holding that even if offense circumstances are considered by regulatory law to support parole denial, due process may preclude the crime alone justifying repeated parole denial in the face of a prison record demonstrating rehabilitation. (See In re Lee (2005) 143 Cal.App.4th 1400, 1408; In re Smith (2003 114 Cal.App.4th 343, 372; In re Elkins (2006) 144 Cal.App.4th 475; In re Barker (2007) DJDAR 7548; Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910, 916-917; In re Scott (2005) 34 Cal.Rptr. 905, 919-920; Irons v. Carey (9th Cir. 2007) 479 F.3d 685, 664-665; Willis v. Kane (N.D. Cal. 2007) _ F.Supp.2d _ WL1232060.) In this case, the Board denied Petitioner parole for the fourth (4th) time bases solely on unchanging factors of his offense and prior history. By doing so they totally discounted his having remained free from serious disciplinary offenses for a sufficiently lengthy 13-year period, (Martin v. Marshall (N.D. CAL. 2007) 431 F.Supp.2d 1038, 1042), and otherwise

3

demonstrating rehabilitation by his continuing participation in programming such as Alcoholics Anonymous, Narcotics Anonymous and other self-help activities, as well as completion of a Vocation Program, educational upgrades, and working in various jobs. A denial decision which improperly discounts the CDC Mental Health Staff having evaluated petitioner multiple times and consistently found he is rehabilitated and ready for release on parole. The CDC Psychologist specifically found this Petitioner would pose no greater threat than the average citizen in the community if released. Further, all parties have found that Petitioner is extremely remorseful for his actions.

Petitioner's case is exactly what the court in Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910, 916-917, envisioned when it stated the standard that repeated refusals to grant a parole release date to an inmate with an exemplary post-conviction record may violate due process. A standard the Supreme Court itself recognized, holding "[t]he behavior of an inmate during confinement is critical in the sense that it reflects the degree to which the inmate is prepared to adjust to parole release." (Greenholtz, 442 U.S. at 15.) A standard Biggs v. Terhune, supra, 334 F.3d, summarized as:

> "[While] the Parole Board's sole supportable reliance on the gravity of the offense and conduct prior to imprisonment to justify denial of parole [may] be initially justified as fulfilling the requirements set forth by state law[, o]ver time, however, should [a prisoner] continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him parole simply because of the nature of his offense would raise serious questions involving his liberty interest in parole."
> (Id. at 916)

The Biggs court cited Morrissey v. Brewer (1972) U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 and Greenholtz, supra, at 442 U.S. at 7-8 and applied the Supreme Court language in these cases. When analyzing whether the repeated denial of an inmate's parole violates his constitutional

4

rights the [Biggs] court [then again] stated that in the context of denying an inmate parole, reliance on unchanging factors, [such as] the commitment offense and the conduct prior to imprisonment runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation. (Id. at 917.) ...This [instant] case presents a stronger [argument] for release than Biggs. The offense is second-degree murder, instead of a first=degree murder, Petitioner has been denied four (4) times, and when he returns to the Board he will have served a greater term then that which may be fixed for his crime. An analysis similar to that of Martin v. Marshall, supra, 431 F.Supp.2d at pp. 1046-1047, made for a prisoner who's offense was extremely violent, and who had 20-serious CDC-115 violations while in prison. A prison performance record substantially inferior to that of this Petitioner. The question is not the presence of some evidence, but whether the evidence shows the prisoner is currently a threat to public safety. (In re Lee, supra, at 1048. Also see Willis v. Kane, supra, WL1232060.)

    In this matter, the Board is relying on the alleged predictive value of Petitioner's offense as a basis for parole denial, long after the crime was committed. By defining Petitioner's culpability as one of a higher actual degree than that found by the trial court, and by continuing to rely on the predictive value of offense factors after more than 17-years of actual imprisonment as an indicator of present dangerousness, the Board clearly disregarded Petitioner's disciplinary free performance since 1993, The positive, parole supportive CDC Psychological Evaluation and Custody Counselors Report (LPER's) and his otherwise very positive prison performance, thereby violating his due process. The ability to predict future dangerousness based on the circumstances of a 17-year old commitment

5

offense is nil. See <u>In re Scott</u>, <u>supra</u>, 133 Cal.App.4th at 34 Cal.3d 905:

> "the commitment offense can negate suitability only if the circumstances of the crime reliably established by evidence in the record rationally indicate that the prisoner will present an unreasonable public safety risk if released from prison. Yet, the predictive value of the commitment offense may be very unquestionable after a long period of time." (<u>Id</u>. at 920) Therefore an unsuitability determination must be predicted on 'some evidence that the particular circumstances of [the prisoner's] crime – indicate exceptionally callous and cruelty with trivial provocation, and thus suggest he remains a danger to public safety.' (<u>In re Dannenberg</u>, <u>supra</u>, 34 Cal.4th at 1098.) (<u>Id</u>. at 922)

Due to Petitioner's exemplary record, the clear evidence from the past 17-years of his rehabilitation programming, the predictive value of his offense and pre-incarceration history is nil.

The purpose of imprisonment, aside from punishment, is to determine for parole eligibility purposes when, if ever, those presumptions of the crime's predictive value have been confirmed or rebutted by the prisoner's post-imprisonment record. As is, this State Supreme Court held in <u>Dannenberg</u>, based on the offense a prisoner can be denied parole only where there is some evidence ... [suggesting] he remains a danger to public safety. (<u>In re Dannenberg</u> (2005) Cal.4th 1061, 1098, 23 Cal.Rptr.3d 417, <u>Lawrence</u> at 7375.) In fact, courts have frequently found the nature of the commitment offense alone, essentially no matter how bad the circumstances of the offense, to be less than 'some evidence' justifying a denial of parole to the prisoner involved, at least 15 or more years of incarceration." (<u>Lawrence</u> at 7375 relying on <u>In re Lee</u> (2006) 143 Cal.App.4th 1400, 1408, <u>In re Scott</u> (2005) 133 Cal.App4th 573, 595, <u>In re Weider</u> (2006) 145 Cal.App.4th 570, 576, <u>In re Elkins</u> (2006) 144 Cal.App.4th 475, 479-480 etc.) Instead in his case, the superior court relied on a mere characterization of the crime to find evidence supporting parole denial.

6

No attempt was made to establish the necessary nexus between 17-year old crime facts and Petitioner's current state of mind. One which all the CDC authorities find preclude him currently committing another crime and becoming (again) a threat to public safety. In fact the evidence of the past 17-years shows quite the contrary.

    Petitioner has served the requisite number of years and has the requisite positive program for the standard to apply, precluding use of his offense facts from supporting parole denial, contrary to the unreasonable use of facts by the superior court.

## CONCLUSION

    Petitioner respectfully requests this Court grant review.

Dated _July 18, 2007_

_Anthony Clark_
Petitioner In Pro Se

7

EXHIBIT A

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

COURT OF APPEAL - SECOND DIST.
F I L E D
JUL 1 1 2007
JOSEPH A. ___, Clerk
D. SANDERS           Deputy Clerk

In re

ANTHONY CLIFFORD

on

Habeas Corpus.

B200063

(Super. Ct. No. BH004298)

(Steven R. Van Sicklen, Judge)

**O R D E R**

THE COURT:

The court has read and considered the petition for writ of habeas corpus, filed June 30, 2004. The petition is denied. There is some evidence to support the decision of the Board of Parole Hearings. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 667.)

_____          _____
TURNER, P.J.                                     KRIEGLER, J.

**PROOF OF SERVICE BY MAIL**
BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, __Anthony Clifford_____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

    __Anthony Clifford__, CDCR #: __E-84740__
    CORRECTIONAL TRAINING FACILITY
    P.O. BOX 689, CELL #: __Y-243L__
    SOLEDAD, CA 93960-0689.

On __July 18, 2007_____, I served the attached:

Petition for Review

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

Office of the Attorney General
300 South Spring Street
Los Angeles, Ca. 90013

Clerk of the Court
Court of Appeals
Second Appellate District
300 South Spring Street
Second Floor - North Tower
Los Angeles, Ca. 90013-1204

Clerk of the Court
Superior Court of Los Angeles County
210 West Temple Street
Los Angeles, Ca. 90012-3210

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on __July 18, 2007__.

                                              _/s/ Anthony Clifford_
                                              Declarant