EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
ELIZABETH S. KIM, State Bar No. 166599
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-5715
  Fax: (415) 703-5843
  Email: Elizabeth.Kim@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHN CLIFFORD,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>B. CURRY, Warden<br><br>　　　　　　　Respondent. | C07-5104 PJH (PR)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Judge:　The Honorable<br>　　　　　Phyllis J. Hamilton |

## INTRODUCTION

Respondent moved to dismiss Petitioner Clifford's habeas corpus petition on the ground that he failed to exhaust his state court remedies because he did not present to the California Supreme Court all claims he now brings before this Court. In his opposition, Petitioner claims that because he filed a Petition for Review with the California Supreme Court, the state supreme court would necessarily have had to review the claims he presented to the California appellate court, and because his habeas petition the state appellate court contained claims that were missing from the Petition for Review, he exhausted his state court remedies as to all his claims.

\\\

1  But the reasons set forth below, Petitioner's argument lacks merit; therefore, his petition should
2  be dismissed.

### REPLY

**PETITIONER DID NOT PRESENT ALL ISSUES TO THE CALIFORNIA SUPREME COURT THAT HE NOW BRINGS BEFORE THIS COURT.**

Rule 8.504 of the California Rules of Court states that the petition must begin with the issues presented for review. Cal. Rules of Ct. 8.504(b)(1)[1]. Moreover, the relevant California Court Rule, unlike the Oregon appellate rule discussed in *Peterson v. Lampert*, 319 F.3d 1153 (9th Cir. 2003), a case cited by Petitioner, does not permit California Supreme Court to consider any issue decided by the Court of Appeal. *Id.* at 1156-57. Rather, in California, after ordering review, the California Supreme Court "may specify the issues to be briefed and argued," or after giving reasonable notice to parties, "the court may order oral argument on fewer or additional issues or on the entire cause," or decide "any issues that are raised or fairly included in the petition or answer." Cal. Rules of Ct. 8.516(a)-(b).

Here, Petitioner's list of issues that he presented for review to the California Supreme Court does not include the claim that the post-trial or post-plea fact finding by the Board of Parole Hearings violated his Sixth Amendment right to a jury trial, nor the claim that the "minimally necessary" standard applied by the lower court has deprived him of his federally protected liberty interest by "eviscerating the 'some evidence' standard." (Ex. 1 to Mot. to Dismiss.) Also, Petitioner's Petition for Review does not notify the California Supreme Court to refer to his habeas petition filed with the state appellate court for additional issues. (*See* Ex. 1.) Therefore, Petitioner does not raise or fairly include the Sixth Amendment jury trial issue, nor the "eviscerated some-evidence standard" issue to the California Supreme Court.

Because Petitioner never presented these two claims to the California Supreme Court, and

---

1. Rule 8.508 of the California Rules of Court is not applicable because Petitioner did not indicate on the cover of his Petition for Review to the California Supreme Court that it was a "Petition for Review to Exhaust State Remedies," and because the format of Petitioner's Petition for Review seems to follow Rule 8.504.

Reply to Opp'n to Mot. to Dismiss                                                    *Clifford v. Curry*
                                                                                      C07-5104 PJH (PR)

because the California never granted review of Petitioner's Petition for Review, these omitted claims were never briefed to warrant the state supreme court's decision on the merits as to them. Consequently, Petitioner denied the California Supreme Court the initial opportunity to determine and correct the alleged violations of his federal due process and Sixth Amendment rights. *Picard v. Conner*, 404 U.S. 270, 275 (1971).  Therefore, the comity interests between the federal and state systems now warrants a dismissal of Petitioner's habeas corpus petition. *Rose v. Lundy,* 455 U.S. 509, 518-19 (1982); *Picard*, 404 U.S. at 275.

## CONCLUSION

For Petitioner's failure to exhaust the state court remedies as to all his claims, Respondent respectfully requests that his petition be dismissed.

Dated: January 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

ELIZABETH S. KIM
Deputy Attorney General
Attorneys for Respondent

40204006.wpd
SF2007200844

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:  **Clifford v. Curry**
No.:        **C07-5104 PJH (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>January 8, 2008</u>, I served the following documents:

### REPLY TO OPPOSITION TO MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Anthony Clifford
E-84740
Correctional Training Facility
CTF-SP Y-243
P.O. Box 689
Soledad, CA 93960-0689
    *In Pro Se*
    E-84740

## Electronic Mail Notice List

I have caused the above-mentioned document to be electronically served on the following person, who are currently on the list to receive e-mail notices for this case:

**NONE**

**Manual Notice List**

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

Anthony Clifford
E-84740
Correctional Training Facility
CTF-SP Y-243
P.O. Box 689
Soledad, CA 93960-0689
    *In Pro Se*
    E-84740


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 8, 2008, at San Francisco, California.

| | |
|---|---|
| _____<br>S. Redd<br>Declarant | _____<br>/s/ Redd<br>Signature |

SF2007200844
40204131.wpd