UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CLIFFORD,

        Petitioner,

vs.

B. CURRY, Warden,

        Respondents.

No. C 07-5104 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MIXED; DISMISSAL WITH LEAVE TO AMEND**

This is a habeas case filed pro se by a state prisoner. The petition is directed to a 2006 denial of parole. Respondent has moved to dismiss the petition as mixed, petitioner has opposed the motion, and respondent has filed a reply. For the reasons set out below, the motion will be granted and the petition will be dismissed with leave to amend.

**DISCUSSION**

Respondent contends that two of petitioner's three issues were not presented to the California Supreme Court and thus are not exhausted.

**A.     Exhaustion Standard**

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *Id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way

on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996). A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The specific factual basis of the federal claim also must be presented to the highest state court. *Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003), *overruled on other grounds*, *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007) (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal).

For purposes of exhaustion, pro se petitions in state court may, and sometimes should, be read differently from counseled petitions. *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). "When a document has been written by counsel, a court should be able to attach ordinary legal significance to the words used in that document." *Id.* at 1158. When it has been written by a pro se petitioner, a court may need to be more flexible. *See, e.g., Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003). Neither confused arguments nor poor lawyering will necessarily defeat a pro se petitioner's otherwise-adequate efforts to assert a federal claim in state court. *Sandgathe v. Maass*, 314 F.3d 371, 378 (9th Cir. 2002).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted

---

of a petition for review, or may instead file an original habeas petition in the supreme court. *Id.* at 1006 n.3.

claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

**B.    Application**

Petitioner lists only one ground for relief on page eight of the federal petition, where he is asked to list his claims: "The Board's Sole Supportable Reliance on the Predictive Value of Unchanging Offense Circumstances to Deny Parole, Despite an Exemplary Prison Record, Violated the Due Process Protection of the United States Constitution[']s 5th and 14th Amendment." In the "Supporting Facts" for the issue he has written: "See page 8." This is a reference to a typed attachment which both lists facts and contains a "Legal Arguments" section. The "Legal Arguments" section is divided into four sections, each with an all-caps heading, as is usual in appellate briefs. The sections are: (1) Petitioner has a liberty interest in parole; (2) petitioner's due process rights were violated by the Board's denial of parole based on the immutable circumstances of his crime and in the face of evidence of rehabilitation; (3) the Board's use of a "minimally necessary" standard eviscerates the "some evidence" standard; and (4) his Sixth Amendment right to trial by jury was violated by the Board's fact-finding.

In the order to show cause the court listed only one issue, the issue that petitioner had supplied in the form portion of his petition under "Grounds for Relief," but of course the order was for respondent to show cause why the petition should not be granted, so it went

3

1 to whatever issues petitioner might reasonably be thought to have raised. In the motion to
2 dismiss respondent treats the petition as raising three issues, those set out in the "Legal
3 Arguments" section of the attachment, less the "liberty interest" section, which obviously
4 does not constitute a ground for relief in itself. In his opposition petitioner does not dispute
5 that he intended to raise those three issues, so that will be assumed for purposes of this
6 ruling.

7 The attachment to the federal petition here appears to be a copy of part of the
8 petition that was filed in the California Court of Appeal. After the court of appeal denied his
9 petition, petitioner filed a petition for review in the California Supreme Court. In that petition
10 he lists the "Questions Presented" as: (1) Were his due process rights violated when the
11 denial was not supported by evidence that he was currently a threat to public safety, given
12 evidence of rehabilitation; and (2) can parole be denied based on an offense committed
13 more than fifteen years ago? Mot. to Dismiss, Exh. 1 at 1. In the section of the petition for
14 review labeled "Legal Argument," however, he discusses only his contention that in
15 California there is a liberty interest in parole and issue (1) from the "Questions Presented"
16 section. *Id.* at 2-7. That issue, issue (1), is almost identical to the first issue in his federal
17 petition.

18 Neither in the "Questions Presented" section nor in the "Legal Argument" section did
19 petitioner raise the third of his federal issues, the Sixth Amendment claim. Respondent's
20 position is that he therefore did not exhaust it. He claims, however, that his inclusion of the
21 issue in his petition in the court of appeal was sufficient to present it to the supreme court.

22 Ordinarily a state prisoner does not fairly present a claim to a state court if that court
23 must read beyond a petition or a brief (or a similar document) that does not alert it to the
24 presence of a federal claim in order to find material that does so. *Baldwin v. Reese,* 541
25 U.S. 27, 30-34 (2004); *see id.* (where state petitioner did not claim specifically in brief
26 presented to state supreme court that appellate counsel's performance violated federal law,
27 claim was not fairly presented even though that court had the opportunity to read lower
28 court opinions which could have shown the claim was cast in federal terms). *Baldwin*

4

reversed *Reese v. Baldwin*, 282 F.3d 1184 (9th Cir. 2002), in which the Ninth Circuit found that the Oregon Supreme Court was alerted to the specifically federal nature of petitioner's claim of ineffective assistance of appellate counsel despite the fact that petitioner presented the claim explicitly only at the state trial court level.  The Ninth Circuit reasoned that under the circumstances of the case – the state trial court decided the claim on the basis of federal law, Oregon's procedural rules put the reviewing courts on notice that the trial court's decision was required to state clearly its ground for decision, any review of the trial court's decision would have disclosed its federal law basis, and the Oregon Court of Appeals issued only a summary affirmance of the trial court's decision – "it must be presumed that, before deciding to deny discretionary review, the Oregon Supreme Court reviewed the [trial] court decision that should have alerted the court to the federal nature of [petitioner's] claim." *Id.* at 1194.  In short, the procedural facts in *Baldwin* were analogous to the situation here, and here, as in *Baldwin*, petitioner's having raised all his issues in the intermediate appellate court was not sufficient to present them to the supreme court.  The motion to dismiss will be granted, and petitioner will be afforded an opportunity to elect how to proceed.

**CONCLUSION**

1. Respondent's motion to dismiss (document number 3 on the docket) is **GRANTED**.

2. Petitioner may chose from three possible courses of action:  (1) He may dismiss this petition with an eye to exhausting and then filing another federal petition;[2] (2) he may amend the petition to dismiss the unexhausted issues, and proceed with those which are exhausted;[3] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the issues, then, if unsuccessful in state court, return here and ask that

---

[2] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

[3] If he chooses this option he probably will not be able to file a future federal petition containing the plea bargain issue, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

the stay be lifted.  If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics."  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

      3.  Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered.  If he does not, this case will be dismissed.

**IT IS SO ORDERED.**

Dated:  September 15, 2008.

                          PHYLLIS J. HAMILTON
                          United States District Judge

G:\PRO-SE\PJH\HC.07\CLIFFORD5104.DSMSS-exh.wpd